22-237
United States v. Solis-Sanchez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-three.

Present:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                        No. 22-237

LUCIANO SOLIS-SANCHEZ,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Daniel Erwin, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender, Hartford, CT. |
| For Plaintiff-Appellee: | Angel M. Krull, Connor M. Reardon, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from an order of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Luciano Solis-Sanchez was convicted after pleading guilty to one count of reentry by a removed alien in violation of 8 U.S.C. § 1326(a) and one count of possessing with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 841(b)(1)(C), for which the district court sentenced him to an aggregate sentence of 57 months' imprisonment. On appeal, Solis-Sanchez argues that the district court committed two errors when it imposed the sentence. First, he argues that the district court improperly considered unproven facts regarding payment of his bond in a related state court case. Second, he argues that the district court misapprehended its own discretion to vary below the Guidelines range. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

**A. Factual and Procedural Background**

On March 3, 2020, police arrested Solis-Sanchez in Waterbury, Connecticut, on state charges of possession of narcotics with intent to sell, possession of drugs near a prohibited place, operating a motor vehicle without a license, and driving the wrong way on a one-way street (the "state charges"). After this arrest, Solis-Sanchez posted bond with the help of a bail bondsman. Alerted by the state charges to Solis-Sanchez's unauthorized presence in the country, on January 13, 2021, authorities arrested Solis-Sanchez for illegal reentry. On the same day, law enforcement observed the delivery of a package that contained methamphetamine to Solis-

2

Sanchez's home, and a subsequent search of his house revealed multiple packages of cocaine. Solis-Sanchez was later charged in federal court with reentry by a removed alien and possessing with intent to distribute methamphetamine and cocaine (the "federal charges").

On June 24, 2021, Solis-Sanchez entered a plea of guilty to the federal charges. The plea agreement included a Guidelines calculation of a total offense level of 25 and a Criminal History Category of I. The Guidelines range was 57 to 71 months in prison, a fine of $20,000 to $200,000, and a supervised release term of at least four years.

In Solis-Sanchez's subsequent sentencing memorandum, he sought a sentence substantially below the Guidelines range, arguing that he committed his crimes out of desperation. For support, Solis-Sanchez asserted that he began selling drugs to repay a $9,000 debt he owed to the human smuggler, colloquially known as a "coyote," who had helped him across the border. He asked the district court to sentence him below the applicable Guidelines range, arguing that the court had the discretion to do so under *Kimbrough v. United States*, 552 U.S. 85 (2007).[1] Solis-Sanchez urged the district court to exercise its discretion under *Kimbrough* based on the fact that had a proposed immigration bill, the Border Security, Economic Opportunity and Immigration Modernization Act of 2013, been ratified, he could have qualified for "legal status with a pathway to citizenship," which would have obviated the need for him to commit these offenses. Joint App'x at 31.

In response, the government's sentencing memorandum questioned Solis-Sanchez's claim that he sold drugs to repay the coyote. To undermine Solis-Sanchez's stated justification, the

---

[1] Under *Kimbrough*, a district court may depart from the applicable Guidelines range based on its policy judgment that a Guidelines provision does not appropriately reflect the sentencing factors under 18 U.S.C. § 3553(a).

government pointed, among other things, to his payment to the bondsman immediately following his arrest for the state charges. While the exact amount that Solis-Sanchez paid is unknown, the bail bondsman could have charged him up to $10,000, or 10 percent of his bond—a value greater than Solis-Sanchez's claimed $9,000 debt.

At the sentencing on January 6, 2022, the district court addressed the arguments presented by Solis-Sanchez and the government. As to whether Solis-Sanchez's posting of state bond was relevant, the court noted that "the only reason it's even germane" was in relation to Solis-Sanchez's own explanation for why he "was selling drugs in the first place," Joint App'x at 127, and it assured Solis-Sanchez's counsel, "be that as it may, you needn't comment on that if you choose not to. Feel free to move on," *id*. at 129. Next, in discussing Solis-Sanchez's stated reasons for committing the offenses, the district court said, in part: "This country is our home. Mexico is the home of Mexicans. They have the right to tell me I can't or under what conditions I can go there. And I act at my peril if I choose to ignore that—even if I feel I have a good reason." *Id*. at 134. The court justified its sentence by citing: (1) Solis-Sanchez's lack of respect for the law, (2) the proportionality of the punishment to the underlying conduct, and (3) public safety concerns. It then sentenced Solis-Sanchez to 57 months' incarceration—the bottom of the Guidelines range. The court also imposed a fine of $1,000 to be enforced if Solis-Sanchez's bond money for the state charges was not "forfeited." *Id*. at 136.

After the court announced its sentence, Solis-Sanchez objected on grounds of substantive and procedural unreasonableness. His counsel first objected to the potential impact that the government's reference to Solis-Sanchez's ability to pay state bond may have had on the sentence imposed. In response, the court stated, "State bond didn't have anything to do with my decision. I articulated my reasons." Joint App'x at 139. Solis-Sanchez's counsel then stated its other

4

objection: that the court could have exercised its discretion to vary below the Guidelines range "pursuant to *Kimbrough*." *Id*. at 139-40. The court replied, "I understand that I have the ultimate discretion to impose a sentence which is not beyond the statutory limit . . . and I am not bound by the United States Sentencing Commission Guidelines." *Id*. at 140. This appeal followed.

**B. Standard of Review**

This Court "review[s] sentences only for 'reasonableness,' a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (quoting *Gall v. United States,* 552 U.S. 38, 41 (2007)). This review "involves both an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Bryant*, 976 F.3d 165, 179 (2d Cir. 2020) (internal quotation marks omitted). "To impose a procedurally reasonable sentence, a district court must (1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under 18 U.S.C. § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *Id*. (internal quotation and alteration marks omitted).

**C. Discussion**

On appeal, Solis-Sanchez first argues that the district court committed procedural error by allegedly relying on the government's comments regarding the state bond payment when it imposed the sentence. He insists that the government's bond arguments impacted sentencing because "the [d]istrict [c]ourt itself noted in questioning defense counsel that the bond payment impeached the defense's argument of economic desperation." Appellant's Br. at 25.

We do not find that argument compelling. The district court explicitly noted that Solis-Sanchez's state bond had nothing to do with the sentence imposed. *See* Joint App'x at 139. It also provided a detailed explanation of the reasons for the sentence it selected—*i.e.*, respect for the law, proportionality, and public safety—none of which had anything to do with Solis-Sanchez's state bond. Finally, when asking Solis-Sanchez about the state bond, the court neither questioned his right to a reasonable bond nor forced Solis-Sanchez to explain more than he wished to. *See id*. at 129.[2] For these reasons, the district court did not commit procedural error in its imposition of Solis-Sanchez's sentence.

Solis-Sanchez further argues that the district court erred by misapprehending its authority to impose a sentence below the Guidelines range. He specifically contends that the district court "abused its discretion because it did not fully appreciate the extent of its authority . . . to vary from the Guidelines" under *Kimbrough v. United States*. Appellant's Br. at 28.

We find this argument unpersuasive. Here, the district court expressly stated that it understood that it had discretion to vary from the Guidelines. *See* Joint App'x at 140; *see also United States v. Martin*, 78 F.3d 808, 815 (2d Cir. 1996) (where a "district court explicitly state[s] that its refusal to depart [from the Guidelines] was discretionary . . . the court's refusal to depart

---

[2] Solis-Sanchez also suggests that the district court impermissibly relied upon the state bond by imposing a $1,000 fine conditioned on whether the bond was forfeited. But, as noted by the government, that condition actually benefited Solis-Sanchez. That is because, if, as his counsel represented at sentencing, Solis-Sanchez did forfeit his bond payment, he would not be subject to the fine. *See* Joint App'x at 136. In other words, the bond itself had no relevance to the fine other than that it happened to be a known source from which funds subject to fine could potentially return to Solis-Sanchez's control, if they were indeed not forfeited. *See* U.S.S.G. § 5E1.2(a) ("The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."); 18 U.S.C. § 3572(a)(1) ("In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider . . . [the defendant's] financial resources[.]").

downwardly is not reviewable.").   But the district court explained that it chose not to sentence Solis-Sanchez to a below-Guidelines sentence because it was not persuaded that Solis-Sanchez's proffered policy considerations warranted mitigation.   *See* Joint App'x at 140.   For these reasons, the district court did not abuse its discretion: it understood that it could vary from the Guidelines, but it permissibly chose not to do so.

We have considered Solis-Sanchez's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7